## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| ARNOLD OCHOA | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| GREAT LAKES REINSURANCE | § | JURY DEMANDED |
| (UK) AND DEMIAN KOLB | § | |
|    Defendants. | § | |

## NOTICE OF REMOVAL

Defendant, Great Lakes Reinsurance (UK) SE (formerly known as Great Lakes Reinsurance (UK) Plc) ("Great Lakes"), with a full reservation of rights, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.     BACKGROUND

1.     On November 30, 2015, Plaintiff, Arnold Ochoa ("Ochoa"), filed this action in the 332nd District Court of Hidalgo County, Texas, entitled *Arnold Ochoa v. Great Lakes Reinsurance (UK) and Demian Kolb*, bearing Docket Number C-5873-15-F (the "State Court Action").  Plaintiff's Original Petition (the "Complaint"), filed on November 30, 2015, is the live pleading in this case.  (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

2.     Great Lakes was served on January 4, 2016 through Certified Mail.  See **Exhibit C-3**.  On information and belief, Demian Kolb ("Kolb"), the other named defendant, has not been served at this time.   Thus, this Notice of Removal of the case to the United States District Court is timely filed by Great Lakes, it being filed no more than thirty (30) days after service of the Complaint on Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

### II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3. Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Ochoa and Great Lakes, excluding the improperly joined defendant, Kolb, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete Diversity Exists.**

4. Ochoa's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5. Ochoa alleges in the Complaint that he resides in Hidalgo County, Texas; therefore, he is a citizen of Texas.[1]

6. Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in the United Kingdom; therefore, Great Lakes is a citizen of the United Kingdom.

7. In an attempt to defeat diversity jurisdiction, Ochoa also named Kolb as a defendant.[2] Kolb is an individual and citizen of the state of Texas. However, as shown below, the Court should disregard Kolb's citizenship because Kolb was improperly joined as a defendant by Ochoa solely in an attempt to defeat federal jurisdiction.

8. Consent to or joinder in this removal by Kolb is unnecessary because Kolb has been improperly joined.[3] However, Kolb is also represented by undersigned counsel and consents to this removal.

9. Thus, there is complete diversity of citizenship between Ochoa and the properly joined defendant, Great Lakes.

---

[1]     *See* Complaint, at 1.

[2]     *See* Complaint, at 2.

[3]     *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

**B.     Ochoa was improperly joined.**

   *i.     Applicable standard for improper joinder.*

10.    The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.[4] Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[5] The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[6] Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[7] "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[8] "A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition."[9]

11.    "Fraudulent joinder is established when the removing party meets the heavy burden of showing [either] (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law."[10]

---

[4]  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5]  *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

[6]  *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

[7]  *Smallwood*, 385 F.3d at 572.

[8]  *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).

[9]  *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

[10]  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004); *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).

12. In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[11] "This possibility [of recovery], however, must be reasonable, not merely theoretical."[12] "[W]hether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated different means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant"[13] Courts undergo a 12(b)(6) style analysis to determine whether a plaintiff can establish a cause of action against the non-diverse defendant.[14]

### ii. *There is no reasonable basis for the Court to predict that Ochoa might be able to recover against Kolb; therefore, Kolb was improperly joined.*

*(a) Ochoa Cannot Recover for the Causes of Action Alleged Against Kolb*

13. Ochoa has asserted that Kolb's actions were not in compliance with the Texas Insurance Code, specifically, § 542 of the Texas Insurance Code.[15] There is no reasonable basis to predict that Ochoa can recover on his claims against Kolb under the Texas Insurance Code. Therefore, the adjuster has been improperly joined.

(1) <u>Ochoa's Claims under §542 of the Texas Insurance Code Fail as a Matter of Law.</u>

14. The Prompt Payment of Claims Act under Section 542 of the Texas Insurance Code specifically limits recovery for violations of this section to insurers.[16] Kolb is not an insurer

---

[11] *Smallwood*, 385 F.3d at 572.

[12] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).

[13] *Smallwood*, 385 F.3d at 573.

[14] *Id.* at 572.

[15] Complaint, at 7—10.

[16] Tex. Ins. Code § 542.060(a).

as defined by the Texas Insurance Code, but an adjuster. Therefore, he cannot be held liable for violations of this act.[17] Because Kolb cannot be held liable under § 542.060 of the Texas Insurance Code, there is no reasonable basis to believe that Ochoa will be able to recover on this claim.[18]

        (2)    <u>Ochoa Cannot Recover on his Unfair Insurance Practice Claims</u>

15.     To the extent that Ochoa pleads Unfair Insurance Practice Claims against Kolb, there is no reasonable basis to predict that Ochoa can recover on these claims because (a) Ochoa has not made any factual allegations that Kolb misrepresented specific terms of the policy and (b) Great Lakes has not given Kolb settlement or payoff authority.

16.     In *Messersmith v. Nationwide Mut. Fire Ins. Co.*, the Northern District stated that a misrepresentation under Texas Insurance Code § 541.060(a)(1) "must be about the details of a policy, not the facts giving rise to a claim for coverage. [The adjuster] would have had to represent that [the insured] "would receive a particular kind of policy that it did not receive" or "denied coverage against a loss under specific circumstances that it previously had represented would be covered."[19]

17.     Ochoa's allegations are nearly identical to the allegations made in *Messersmith*. In *Messersmith*, the plaintiff alleged "that there was no damage to [the insured's] roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was

---

[17]     *Messersmith*, 10 F. Supp. 3d at 723–24 ("[T]he Prompt Payment of Claims Act applies only to insurers. *See* Tex. Ins. Code § 542.060(a) (limiting the relevant law to insurers). [The adjuster] is not an insurer so she cannot be held liable under it.").

[18]     *See id.*

[19]     *Messersmith*, 10 F. Supp. 3d at 724 (quoting *U.s. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77(Tex. 1983))).

leaking resulting from the damage."[20] The Northern District found that these allegations did not give rise to a claim.[21] The allegations in this case are no different.

18. Ochoa alleges in his complaint that "[d]uring the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Kolb, ignored covered damages including but not limited to the roof, fascia and soffit. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about June 24, 2015, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim."[22] On the face of these allegations, even assuming them to be true, there is no reasonable basis to predict that Ochoa can recover for his unfair insurance practice claim for misrepresentation against Kolb.

19. Ochoa additionally alleges that Kolb "misrepresent[ed] one or more material facts and/or policy provisions relating to coverage;" fail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;" fail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;" "fail[ed] to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;" "refus[ed] to affirm or deny coverage within a reasonable time;" "refus[ed] to conduct a reasonable investigation;" "ignor[ed] damage known to be covered by the Policy;" and "conduct[ed] an outcome-oriented investigation in order to provide

---

[20] *Messersmith*, 10 F. Supp. 3d at 724 (quotation marks removed).

[21] *Id.*

[22] Complaint, at 9.

**Federal Notice of Removal** **Page 6 of 14**
HO CEL01 C:\ v2
2919518-000043 02/03/2016

INSURANCE DEFENDANT with a basis to underpay the claim."[23] The only "fact" provided in support of these claims is Kolb's damage estimate from his inspection of the property.[24] That is not enough to state a claim for unfair insurance practice under the Code.

20.    Kolb cannot be held liable under these provisions of the Insurance Code because Kolb does not have settlement or payoff authority from Great Lakes as an adjuster.[25] Kolb merely investigated the claim at issue and provided an estimate of the damage to Great Lakes.[26] Any decisions with regard to settlement or payoff are made by the carrier, not by Kolb. Therefore, there is no reasonable basis to believe that Ochoa can prevail on his unfair insurance practice claim(s) against Kolb with respect to settlement and payoff of Ochoa's claim.[27]

21.    Therefore, because Ochoa cannot maintain his claim that Kolb misrepresented any term of the policy, and because Kolb lacks the authority to settle or pay an insurance claim of Ochoa, there is no reasonable basis to predict that Ochoa can prevail on his Unfair Insurance Practice Claim against Kolb.

(3) <u>Ochoa Cannot Sustain a Cause of Action for Fraud Against Kolb.</u>

22.    To the extent that Ochoa alleges a cause of action for Fraud against Kolb, Ochoa cannot sustain this cause of action.

23.    In order to successfully sustain a claim a for fraud, a plaintiff must show that the defendant (a) made a representation to the plaintiff; (b) the representation was material; (c) the representation was false; (d) when the representation was made, the defendant knew the

---

[23]    Complaint at 8.

[24]    *See generally* Complaint.

[25]    *See* Declaration of Demian Kolb, attached as Exhibit E.

[26]    *Id.*

[27]    *See Messersmith*, 10 F. Supp. 3d at 724–25 (noting that the adjuster cannot be held liable for failing to settle or pay an insurance claim because an adjuster lacks the authority to settle or pay an insurance claim).

representation was false or made the representation with reckless disregard for its truth; (e) the defendant made the representation with the intent that the plaintiff act on the representation; (f) the plaintiff relied on the representation; (g) and the representation caused injury to the plaintiff.[28]

24.     In this case, the only act that Ochoa alleges that he made is to purchase insurance from Great Lakes. Additionally, Ochoa does not allege that Kolb was involved in the sale of the insurance policy at issue to Kolb or the sale of any insurance policy to Ochoa.

25.     Because Ochoa has not established, and cannot establish, the elements necessary for a fraud claim against Kolb, there is no reasonable basis to predict that Ochoa can prevail on this claim against Kolb.

*(b) Ochoa's Petition Merely Tracks the Language of the Texas Insurance Code and Fails to Allege any Facts upon which Ochoa may recover against Kolb.*

26.     District Courts in Texas have consistently held that "mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[29] All of Ochoa's "allegations" against Kolb merely track the language of the applicable statute or elements of the common-law cause of action.  Ochoa's conclusory and baseless statements regarding Kolb fail to provide a reasonable basis for the Court to predict that Ochoa might be able to recover against Kolb; therefore, Kolb was improperly joined.

---

[28]     *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011).

[29]     *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

27. The Northern District of Texas determined that an in-state adjuster had been improperly joined in a case with pleadings almost identical to the Complaint in this case.[30] In *Weldon Contractors, Ltd.*, the plaintiff alleged the adjuster was assigned to adjust the claim, hired to inspect the property, and hired to determine the extent of damage caused by a hail storm.[31] The plaintiff also alleged that the adjuster failed to assess the damage on all of the premises which sustained wind and hail damage, failed to properly inspect the buildings to assess the full extent of the damage, and failed to meet the guidelines as promulgated by Texas law in the evaluation, adjusting and coverage of the plaintiff's claim.[32] The court held that "[t]hese allegations are really legal conclusions couched as factual allegations, with no factual support in the petition."[33] The court further stated, "[f]or example, nowhere in the petition does plaintiff allege that [the adjuster] made any representations or misrepresentations to [Plaintiff] of any kind, except the conclusory assertion[s]."[34] Regarding the plaintiff's allegations that the adjuster violated the Texas Insurance Code, the court held that the plaintiff simply restated the provisions of the Texas Insurance Code and failed to allege any facts showing that the adjuster actually performed any act that could be construed as a violation of the Texas Insurance Code.[35] Based on these findings, the court denied the plaintiff's motion to remand and determined that the adjuster was improperly joined.[36]

28. Ochoa's allegations against Kolb are nearly identical to the allegations in *Weldon Contractors, Ltd.* Here, Ochoa alleges that "[t]he INSURANCE DEFENDANT assigned the loss

---

[30] *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, *2–3 (N.D. Tex. 2009).

[31] *Id.* at *3.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

and the claim to DEMIAN KOLB who was at all pertinent times the agent of the INSURANCE DEFENDANT . . . . ADJUSTER DEFENDANT inspected Plaintiff's property on or about June 18, 2015. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determine the cause of and then quantifying all of the damage done to Plaintiff's property."[37] Ochoa further alleges that "[d]espite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all covered damages."[38] The remainder of Ochoa's allegations against Kolb merely track the language of the Texas Insurance Code. For example, Ochoa's Petition tracks section 541.060(a)(1) of the Texas Insurance Code and allege Kolb "misrepresent[ed] one or more material facts and/or policy provisions relating to coverage," without any actual facts to support the allegations.[39] Even if the Court takes Ochoa's statements regarding Kolb as true, Ochoa's allegations are nothing more than "legal conclusions couched as factual allegations, with no factual support in the petition."[40] As the court held in *Weldon Contractors, Ltd.*, these

---

[37] Complaint, at 9.

[38] *Id.*

[39] *Id.* at 13.

[40] *See Weldon Contractors, Ltd.*, 2009 WL 1437837, *3.

types of conclusory statements without actual factual support are not enough to provide a reasonable basis for the Court to predict that Ochoa might be able to recover against Kolb.

29. Although Ochoa's allegations against Kolb are deficient on their face, this Court may also pierce the pleadings and consider evidence further demonstrating the improper nature of Kolb's joinder to this action. In *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, the Southern District held that an in-state adjuster was improperly joined after the court reviewed the pleadings and the evidence submitted by the adjuster with the removal. Notably, the Court held that the affidavit submitted by the adjuster established that the adjuster had not committed any wrongdoing, and that plaintiffs had therefore failed to state a claim against him:

> As an initial inquiry, the court must ask whether it appears from the Original Petition that the plaintiff actually intended to sue the non-diverse defendant, i.e., whether "the record ... support[s] any inference that the [plaintiff] intended to actively pursue claims" against [the adjuster]. Factors for the Court to consider include whether the defendant is merely minimally mentioned, whether he was ever served, and whether any actionable claims are specifically alleged against him. [The adjuster] is identified in the Original Petition by name, and he was served. Specified paragraphs in the petition are directed to him, but for the most part they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate to [the insurer]. These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions. When the Court pierces the pleadings, the evidence submitted in [the adjuster]'s affidavit, which states his work "was limited to inspecting the insured property and providing the carrier with a repair estimate," demonstrates that his work did satisfy the statutory and case law definitions of an adjuster, but it does not, apart from the conclusory allegations that his estimate was "undervalued," allege he did anything to make a case against him. No specific misrepresentation by [the adjuster] to Plaintiff is pleaded, and the fraud claim has no foundation. Plaintiff's conclusory claim against [the adjuster], individually, for insufficient investigation and undervaluing the claim, incorporated into a report to [the insurer], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud.[41]

---

[41] *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011).

30. Thus, even if the Court determines that it is necessary to pierce the pleadings and conduct a summary judgment analysis to determine whether Kolb was improperly joined, as the Southern District did in *Centro Cristiano Cosecha Final, Inc.*, the actual facts of this case – which Ochoa cannot legitimately dispute – establish that Ochoa's contentions regarding Kolb in the Complaint are simply not actionable.[42] Accordingly, Ochoa has failed to allege a viable cause of action against Kolb, and Kolb's citizenship should be disregarded for purposes of determining diversity jurisdiction.

C.  **Amount in Controversy Exceeds $75,000.**

31. Ochoa is seeking "monetary relief over $100,000 but not more than $200,000."[43] Because the face of the Complaint establishes that Ochoa seeks damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.  VENUE

32. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 332nd Judicial District Court of Hidalgo County, Texas, the forum in which the removed action was pending.

### IV.  ADDITIONAL REQUIREMENTS

33. Great Lakes has provided notice to Ochoa through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Ochoa's counsel of record, and has also provided notice to the Clerk of Court for the 332nd District Court of Hidalgo County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

---

[42]  *See* **Exhibit E**.

[43]  *See* Complaint, at 13.

34. Copies of all pleadings, process, orders, request for trial by jury, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[44]

35. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

**Exhibit A**: Listing of All Parties and Counsel of Record;

**Exhibit B**: Civil Cover Sheet;

**Exhibit C**: Index of All Documents Filed in State Court Action;

**Exhibits C-1-4**: Copies of all filings in State Court Action and State Court Docket Sheet;

**Exhibit D**: List of Action Being Removed;

**Exhibit E:** Declaration of Demian Kolb.

WHEREFORE, Defendant, Great Lakes Reinsurance (UK) PLC, prays that this matter be removed to the United States District Court for the Southern District of Texas, McAllen Division, for further proceedings and disposition.

Respectfully submitted,

By: */s/ Katriel Statman*
**\*Eddy De Los Santos**
Texas Bar No. 24040790
Federal ID No. 602417
**Katriel Statman**
Texas Bar No. 24093197
Federal ID No. 2513924
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

---

[44] See **Exhibit C**: Index of All Documents Filed in State Court Action.

*Attorneys for Defendant Great Lakes Reinsurance (UK) SE (formerly known as Great Lakes Reinsurance (UK) Plc)*

## CERTIFICATE AND NOTICE OF FILING

I certify that on February 3, 2016, the Notice of Removal was sent to the District Clerk of Hidalgo County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Ochoa.

*/s/ Katriel Statman*
Katriel Statman

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on February 3, 2016, the foregoing Notice of Removal was served on counsel for Ochoa via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

Kevin S. Baker
Mahsa Tajipour
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
**CM/RRR #7015 1520 0003 3672 1591**

*/s/ Katriel Statman*
Katriel Statman